**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**CAITLIN KENNEDY,**

                                **Plaintiff,**                         **14-CV-0990S(Sr)**

**v.**

**DENNIS GABRYSZAK, et al.,**

                                  **Defendants.**

---

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #17.

Currently before the Court is defendant Gabryszak's motion to compel discovery and for sanctions. Dkt. #73.

**BACKGROUND**

A Case Management Order ("CMO"), was issued in this matter on August 31, 2016. Dkt. #55. Among other dates, the CMO set February 17, 2017 as the deadline for plaintiff to provide expert witness disclosure. Dkt. #55.

By letter dated July 17, 2017, plaintiff's counsel advised that the parties had previously agreed to hold off on discovery in this matter pending settlement negotiations in the related Court of Claims matter and requested an extension of the

CMO to complete paper discovery and depositions. The Court extended certain deadlines in the CMO at a Status Conference on July 19, 2017. Dkt. #59.

On September 15, 2017, following plaintiff's letter request, the Court extended the deadline for completion of discovery to December 15, 2017 and set a deadline of January 19, 2018 for filing dispositive motions. Dkt. #60.

At a Status Conference on February 22, 2018, the Court extended the deadline for completion of discovery to May 4, 2018. Dkt. #62.

Depositions of plaintiff and defendants were completed at the end of April, 2018. Dkt. #73-1, ¶ 18. During the course of depositions, the parties agreed that they would share discovery from the New York Court of Claims case in this federal case and that the New York State Assistant Attorney General ("NYSAAG"), would disclose the New York State Court of Claims file with defendants upon receipt of an authorization from plaintiff. Dkt. #73-1, ¶ 19 & Dktt. #75, ¶ 6. Defense counsel affirms that he "agreed to receive and review the discovery materials from the New York State Attorney General's Office and, if necessary, follow up with further discovery demands and depositions notices," but did not "waive his discovery rights in this matter." Dkt. #73, ¶ 20 n.1.

On May 7, 2018, counsel for defendant Adam Locher served a deposition subpoena upon Diana Cihak. Dkt. #73-13. Plaintiff's counsel affirms that Ms. Cihak contacted her following receipt of the subpoena and that she contacted defense

counsel to clarify the scope of documents sought from Ms. Cihak pursuant to the subpoena, but never received a response. Dkt. #75, ¶ 10. Plaintiff's counsel is no longer representing Ms. Cihak. Dkt. #75, ¶ 10.

By email dated June 2, 2018, counsel for defendant Gabryszak inquired whether plaintiff's counsel had provided the NYSAAG with the necessary authorization for the New York State Court of Claims discovery. Dkt. #75-2.

By Text Order entered June 26, 2018, the Court granted an extension of the discovery deadline to August 15, 2018, with dispositive motions due by September 14, 2018. The Court advised that "THIS IS THE FINAL EXTENSION. NO FURTHER EXTENSIONS WILL BE GRANTED." Dkt. #65.

By motion dated September 12, 2018, defense counsel requested an extension of time because the NYSAAG had only recently received authorization to share the Court of Claims file with defendant and would produce it in a few weeks. Dkt. #66. Defense counsel advised that while waiting for the Court of Claims file, he served discovery demands on plaintiff so as to further accelerate discovery. Dkt. #66-1, ¶ 11. The Court granted the motion and set the discovery deadline for November 16, 2018 and the dispositive motion deadline for December 14, 2018. Dkt. #68.

Plaintiff's counsel opposed the extension of discovery, prompting the Court to stay its text order extending the discovery deadline. Dkt. #69. In response to the motion, plaintiff's counsel stated that she had not provided the authorizations to the

NYSAAG until July of 2018 and argued that any additional discovery was untimely. Dkt. #70. Specifically, plaintiff opposed an extension to permit defendant to obtain responses from plaintiff with respect to discovery demands issued on September 11, 2018. Dkt. #70.

On October 16, 2018, defense counsel sent a letter requesting plaintiff's response to defendant Gabryszak's discovery demands. Dkt. #73-9.

On November 2, 2018, defendants received eighteen pages of documents from the New York State Attorney General's Office. Dkt. #73-1, ¶ 28. Defense counsel avers that these documents "did not satisfy Assemblymember Gabryszak's discovery demands previously served on the plaintiff." Dkt. #73-1, ¶ 28.

By Text Order entered December 11, 2018, the Court lifted the Stay and directed that outstanding discovery requests be responded to by February 8, 2019. Dkt. #72. The Court also set a deadline of March 8, 2019 for motions to compel discovery. Dkt. #72.

By letter dated December 13, 2018 and email dated December 14, 2018, defense counsel requested plaintiff's response to defendant Gabryszak's discovery demands. Dkt. #73-10 & Dkt. #75-3, p.2.

By email dated January 14, 2019, defense counsel requested a response to defendant Gabryszak's outstanding discovery demands so as to avoid unnecessary

motion practice. Dkt. #75-3, p.2. Plaintiff's counsel responded that she was "going out on a medical leave" but could "retrieve these responses remotely and provide same asap." Dkt. #75-3, p.1.

By email dated January 15, 2019, defense counsel advised that he had not received any discovery from plaintiff and advised that he would move forward with a motion to compel as directed by the Court if such responses remained outstanding. Dkt. #75-4, p.1. Defense counsel also requested a date to depose Ms. Cihak. Dkt. #75-4, p.2.

By email dated January 15, 2019, plaintiff's counsel advised that she was going out on medical leave but could "retrieve these[] responses remotely and provide same asap." Dkt. #75-3, p.1. With respect to Ms. Cihak, plaintiff's counsel advised that she had not confirmed her representation of Ms. Cihak for a deposition. Dkt. #75-4, p.2.

On January 18, 2019, defense counsel issued a deposition subpoena to Emily Spine and Sabrina Ramsey. Dkt. #73-14.

On March 8, 2019, defendant Dennis Gabryszak moved to compel plaintiff to provide responses to his First Set of Interrogatories, First Request for Production of Documents and Second Request for Production of Documents and for payment of reasonable expenses in the making of this motion. Dkt. #73. Defense counsel avers that he never waived his right to demand discovery, but only "agreed to receive and review the discovery materials from the New York State Attorney General's Office and,

-5-

if necessary, follow up with further discovery demands and deposition notices." Dkt. #73-1, ¶ 21. Once he realized that plaintiff had waited nearly four months to provide the NYSAAG with the authorization, defense counsel served discovery demands to accelerate discovery. Dkt. #73-1, ¶ 23. Accordingly, defendant served his First Set of Interrogatories and First Request for Production of Documents on September 7, 2018 and his Second Request for Production of Documents on September 11, 2018. Dkt. #73-1, ¶ 23.

By email dated March 18, 2019, plaintiff's counsel advised that she was out of the office on medical leave, working in a very limited capacity. Dkt. #75-3, p.6. Plaintiff's counsel noted that defense counsel "confirmed that [the NYSAAG] provided you with the documentation you requested" and stated that plaintiff "provided him a full and complete volume of all documents in our possession," and then inquired what else was needed to close discovery and avoid motion practice. Dkt. #75-3, p.6. Plaintiff's counsel also advised that, due to her medical leave, she was no longer representing Ms. Cihak. Dkt. #75-3, p.6.

On May 31, 2019, the deadline set by the Court for responses to defendant's motion to compel, plaintiff responded that she had or would be producing all relevant responses, noting that she "has been out on medical leave for most of 2019, working remotely and intermittently as her condition allows" and asserting that it seemed peculiar that defendant would demand discovery when plaintiff agreed to disclose discovery materials from the companion case in the New York State Court of Claims. Dkt. #75, ¶¶ 6 & 9.

Plaintiff provided responses to defendant's discovery demands on June 4, 2019. Dkt. #76, ¶ 12.

By letter dated June 11, 2019, plaintiff's mental health provider advised defense counsel that the authorization provided by plaintiff could not be accepted because it did not specifically request psychotherapy records and the signature date of June 8, 2018 had been crossed out and replaced with a date of May 31, 2019. Dkt. #76-2.

By email dated June 13, 2019, defense counsel requested a proper authorization for plaintiff's mental health records. Dkt. #76-3. As of June 21, 2019, defense counsel avers that he had not received a proper authorization for plaintiff's mental health records. Dkt. #76, ¶ 15.

**DISCUSSION AND ANALYSIS**

*Medical Records*

If plaintiff has not already done so, plaintiff shall provide defendant with a proper authorization for her psychotherapy records within 14 days of the filing of this Decision and Order. Should plaintiff fail to do so, plaintiff will be precluded from presenting evidence of anything other than garden variety emotional distress. " *See Olsen v. County of Nassau*, 615 F. Supp.2d 35, 46 (E.D.N.Y. 2009)("In 'garden variety' emotional distress claims, the evidence of mental suffering is generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the severity or consequences of the injury."*); Sims v. Blot*, 534

F.3d 117, 140-141 (2d Cir. 2008) ("plaintiff may withdraw or formally abandon claims for emotional distress beyond the garden variety claim in order to avoid forfeiting his psychotherapist-patient privilege psychotherapy privilege"), *citing Jaffe v. Redmond*, 518 U.S. 1, 15 (1996).

### *Statements*

Interrogatory No. 7 asked for the identity of any oral or written statement plaintiff has obtained from any person relating to this action. Dkt. #73, Exh. D. Plaintiff responded that she obtained a written statement from Sabrina Ramsey, which she disclosed, and "an oral statement from ex-employee [sic] of Defendant Grabryzak [sic] but has not obtained a written statement as of yet." Dkt. #76-1, pp.8-9.

Defendant argues that this response does not allow defendant Gabryszak to prepare for trial and conduct discovery. Dkt. #76, ¶ 17.

Plaintiff shall identify the ex-employee within 14 days of the filing of this Decision and Order or waive her right to rely upon any evidence, written or testimonial, from such unidentified employee. Upon identification, defense counsel may take such steps as are necessary to schedule the ex-employee's deposition at a date and time mutually agreeable to all parties within 90 days of the entry of this Decision and Order.

### *Damages*

In response to defendant Gabryszak's request for "a detailed calculation of any claimed damages and statement of how the damage was calculated," plaintiff

responded that "she was injured by [his] conduct by way of lost wages and emotional distress, pain and suffering (manifesting in physical ailments)," and that her "[d]amage analysis will be presented at trial." Dkt. #76-1, p.9. In response to other discovery demands, plaintiff states that she will rely upon documents relevant to her claim for lost earnings and out-of-pocket expenses to prove her damages  Dkt. #76-1, pp.18 & 25-26.

Rule 26(a)(1)(A)(iii) provides that a party must provide a computation of each category of damages claimed and make available for inspection documents or other evidentiary material upon which each computation is based, including materials bearing on the nature and extent of injuries suffered. Accordingly, the Court orders that plaintiff provide a computation of each category of damages claimed within 60 days of the entry of this Decision and Order or be precluded from claiming non-disclosed damages at trial.

### *Expert Witness*

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires a party to disclose to other parties the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703 or 705 and the subject matter on which the witness is expected to testify, as well as a summary of the facts and opinions to which the witness is expected to testify, and to provide a written report if the witness is one retained or specially employed to provide expert testimony in the case.  "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

The Court's Case Management Order set February 17, 2017 as the deadline for plaintiff to identify any expert witnesses who may be used at trial and provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B). Dkt. #55, ¶ 8.  That date passed and no request for an extension of that deadline has ever been made.

Pursuant to Rule 37(c), if a party fails to identify a witness as required by Rule 26(a), the party is not allowed to use that witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Rule 37(c)(1). Despite the mandatory language of the statute, the Court of Appeals for the Second Circuit views preclusion as discretionary. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d cir. 2006). In determining whether preclusion is appropriate, a court should consider: (1) the party's explanation for the failure to disclose; (2) the importance of the evidence to be precluded; (3) the prejudice suffered by the opposing party if the evidence were not precluded; and (4) the possibility of a continuance. *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

Applying these factors, the Court notes that plaintiff has proffered no legitimate explanation for her failure to identify an expert witness. In response to defendant's interrogatory, plaintiff stated that "she is unsure of any expert witnesses she will call at trial," (Dkt. #76-1, p.10), raising a question as to the importance of any such testimony to plaintiff's ability to establish her claim. With respect to the third factor, defendant is prevented from preparing his defense and assessing his own need for expert witness testimony by plaintiff's continued procrastination. With respect to the

fourth factor, the Court granted numerous extensions of the Case Management Order over the course of more than three years of discovery, and warned the parties that further extensions of the Case Management Order would not be granted. Dkt. ##59, 60, 62, 65, 68. In addition, the Court set a deadline of February 8, 2019 for plaintiff to respond to defendant Gabryszak's discovery demands, which included an interrogatory seeking disclosure of expert witness information from plaintiff. Dkt. ## 72 & 76-1. Despite this directive, plaintiff failed to respond to defendant Gabryszak's discovery demands until May 31, 2019 - the deadline set by the Court to respond to defendant's motion to compel - and still failed to identify an expert witness. Dkt. #76-1, p.10. The Court declines to further extend the deadline for identification of an expert witness, thereby precluding plaintiff from offering evidence or testimony from any such witness.

### *Deposition of Emily Spine & Sabina Ramsey*

Defense counsel affirms that plaintiff had identified Ms. Spine and Ms. Ramsey as potential witnesses, but failed to respond to defendant Gabryszak's request for further information to confirm her intention to call these witnesses at trial. Dkt. #76, ¶ 18.

As it was not inappropriate for defendant to wait for receipt of written discovery before noticing depositions, defense counsel may take such steps as are necessary to schedule the deposition of these individuals at a date and time mutually agreeable to all parties within 120 days of the entry of this Decision and Order.

*Deposition of Diana Cihak*

As plaintiff's counsel is no longer representing Ms. Cihak, defense counsel may take such steps as are necessary to schedule her deposition at a date and time mutually agreeable to all parties within 120 days of the entry of this Decision and Order.

*Sanctions*

Defendant Gabryszak argues that attorney's fees are appropriate because plaintiff never advised the Court of her medical situation and never requested an extension of time to respond to outstanding discovery. Dkt. #76, ¶¶ 7 & 9.

Pursuant to Rule 33(b)(2) of the Federal Rules of Civil Procedure, absent stipulation between the parties or order of the court, "[t]he responding party must serve its answers and any objections within 30 days after being served with the Interrogatories." Similarly, pursuant to Rule 34 (a)(2)(A), absent stipulation between the parties or order of the court, "[t]he party to whom [document demands are] directed must respond in writing within 30 days after being served." Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If the motion [to compel disclosure or discovery] is granted –
> or if the disclosure or requested discovery is provided after
> the motion was filed – the court must, after giving an
> opportunity to be heard, require the party or deponent whose
> conduct necessitated the motion, the party or attorney
> advising that conduct, or both of them to pay the movant's
> reasonable expenses incurred in making the motion,
> including attorney's fees. But, the court must not order this
> payment if:

    (I)  the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

    (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or

    (iii)  other circumstances make an award of expenses unjust.

Moreover, Rule 37(d) provides that the Court may order sanctions if a party fails to serve its answers, objections or written response after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34 of the Federal Rules of Civil Procedure. Such sanctions may include:

    (i)  directing that the matter embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii)  striking pleadings in whole or part;

    (iv)  staying further proceedings until the order is obeyed;

    (v)  dismissing the action or proceeding in whole or part; or

    (vi)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The Court may also impose such sanctions, instead of or in addition to an award of attorney's fees, if a party fails to obey an order to provide or permit discovery. Rule 37(b)(2).

      In as much as plaintiff failed to provide responses to defendant's discovery demands prior to the filing of defendant's motion to compel, despite the Court

-13-

ordering her to do so, an award of attorney's fees is appropriate. If the parties are unable to agree to the amount of reasonable expenses incurred with respect to this motion, defendant's counsel shall submit an affirmation setting forth such expenses no later than **August 21, 2020.**

       **SO ORDERED.**

**DATED:**    Buffalo, New York
             June 24, 2020

                                              <u>s/ H. Kenneth Schroeder, Jr.</u>
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**